# May v. Monongahela Cemetery Company, Appellant.

*Corporations—Cemetery companies—Sale of lands.*

An incorporated cemetery company may sell parts of its land to a Roman Catholic church to be used for burial purposes by members of the church, and the fact that the church is to share in the profits from the resale of the lots to the members is immaterial. A court of equity at the suit of the church against the cemetery company will decree an account of the lots sold by the cemetery company.

Argued Oct. 19, 1909. Appeal, No. 53, Oct. T., 1909, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1908, No. 206, on bill in equity in case of Rev. Peter F. May, Trustee, Rector and Pastor of St. Joseph German Roman Catholic Church of Braddock Borough, v. Monongahela Cemetery Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account and for specific performance of a contract to convey lands.

SHAFER, J., filed the following opinion:

### FINDINGS OF FACT.

1. The bill herein was filed with a similar bill by another Catholic congregation of Braddock against the same defendant, at No. 207, January Term, 1908, the two cases having been tried together by the same counsel, the facts in each case being, with one or two unimportant variations, identical, and the questions of law and fact disputed between the parties completely identical. We have not, therefore, deemed it necessary to duplicate the findings of fact and conclusions of law already filed in that case.

2. The deed between the parties in the present case conveys about five acres of land belonging to the cemetery company, adjoining the eighteen acres described in the deed, conveyed to St. Thomas' church, and in question in the case above mentioned. The deed contains no provision for any land to be given gratuitously for the burial of paupers as does the deed to St. Thomas' church. In all other respects, so far as we can find, the deed, which is printed as exhibit "A" of the bill, is identical in effect with the deed to St. Thomas' church above mentioned, and we find the facts of this case to be, except as to the description of the land and the omission in the present case of any agreement for paupers, the same as in the case of St. Thomas' church, and the conclusions of law in that case are fully applicable to this.

3. We are of the opinion, therefore, that the plaintiff is entitled to an account of the proceeds of sale of lots made by the cemetery company in the five acres designated as St. Joseph's cemetery, in order that there may be ascertained what amount, if any, is due from the cemetery company to St. Joseph's congregation on account of the sale of lots and to a decree for the payment thereof; and further to an account of the moneys expended by the cemetery company for improvements upon or connected with St. Joseph's cemetery, in order that the equitable share of such improvements made and money expended on said land may be ascertained; and further to a decree for specific performance of the contract for the conveyance or

further assurance to the congregation of all the unsold and unoccupied portion of said St. Joseph's cemetery on payment of $1,000 per acre, and an equitable share of the improvements made and money expended on the same, and to a like conveyance without further payment for that portion of the said St. Joseph's cemetery in which interments have been made and paid for, together with the rights of way in said deeds reserved over the other portions of the Monongahela Cemetery Company's land, and that each of the parties pay one-half the costs.

*Error assigned* was the decree of the court.

*Joseph F. Mayhugh,* for appellant.

*Charles D. Gillespie,* with him *Patterson, Sterrett & Acheson,* for appellee.

PER CURIAM, November 5, 1909:
Decree affirmed on the opinion of the court below.